IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ASHLEY FORTENBERRY,** *et al.* **PLAINTIFFS**

**V.** **CIVIL ACTION NO. 2:14-CV-56-KS-MTP**

**CHRIS E. PRINE,** *et al.* **DEFENDANTS**

<u>MEMORANDUM OPINION AND ORDER</u>

For the reasons stated below, the Court **grants** Plaintiffs' Rule 56(d) Motion [39] and presently **denies** Defendant's Motion for Summary Judgment [32]. Defendant may reassert the motion after Plaintiffs have an opportunity to conduct sufficient discovery to adequately support their response to the motion.

*A.  Background*

The Court previously discussed the factual background of this case. *See Fortenberry v. Prine*, No. 2:14-CV-56-KS-MTP, 2014 U.S. Dist. LEXIS 90155 (S.D. Miss. July 2, 2014). On July 30, 2014, Defendant filed a Motion for Summary Judgment [32]. Plaintiff responded with a Motion to Deny [39] or defer consideration of the motion pursuant to Rule 56(d). The Court stayed briefing [43] on the motion for summary judgment. The Rule 56(d) motion is now ripe for review.

*B.  Discussion*

Rule 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

FED. R. CIV. P. 56(d).[1]

Rule 56(d) motions are broadly favored and liberally granted. *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013). "[A] continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course," but "the party seeking additional discovery must first demonstrate how that discovery will create a genuine issue of material fact." *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 963 (5th Cir. 2009). The party seeking a continuance must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Biles*, 714 F.3d at 894. A "plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

In its Motion for Summary Judgment [32], Defendant argues that Plaintiffs are

---

[1] Legal authorities applying the former Rule 56(f) are applicable to motions under Rule 56(d). *See* FED. R. CIV. P. 56(d) advisory committee's note ("Subdivision (d) carries forward *without substantial change* the provisions of former subdivision (f)."); *Stark v. Univ. of S. Miss.*, No. 2:13-CV-31-KS-MTP, 2013 U.S. Dist. LEXIS 145551, at *6 (S.D. Miss. Oct. 8, 2013).

not "insureds" under the UM coverage of the subject policy because their vehicle was not a "temporary substitute for a covered auto." The parties agree that the case's outcome hinges on whether Plaintiffs' vehicle was a "temporary substitute for a covered auto."

No Mississippi court has considered the meaning of the term "temporary substitute" in an insurance policy, but both this Court and the Fifth Circuit have looked to law from other jurisdictions to define the term. *See Progressive Gulf Ins. Co. v. Maria Palacios Estate*, 394 F. App'x 127, 129 (5th Cir. 2010); *Canal Ins. Co. v. Herrington*, 846 F. Supp. 2d 654, 659 (S.D. Miss. 2012). The Fifth Circuit has also conducted a factual analysis of whether a vehicle was a "substitute" under the terms of a Mississippi insurance policy. *W. Cas. & Surety Co. v. Norman*, 197 F.2d 67, 68-69 (5th Cir. 1952). Relevant facts include the typical use of the vehicle,[2] the circumstances surrounding the disputed use of the vehicle,[3] the possession and control of the vehicle,[4] and whether the driver was acting as an agent or employee of the policyholder.[5]

Plaintiffs claim to need a variety of discovery before responding to Defendant's motion. While all of the items listed are not reasonably calculated to lead to the

---

[2]*Id.* at 68.

[3]*Id.* at 69; *Sellers v. Allstate Ins. Co.*, 555 P.2d 1113, 1114-15 (Ariz. 1976).

[4]*Tanner v. Penn. Thresherman & Farmers' Mut. Casualty Ins. Co.*, 226 F.2d 498, 499-500 (6th Cir. 1955); *Deadwiler v. Chicago Motor Club Ins. Co.*, 603 N.E.2d 1365, 1369 (Ind. Ct. App. 1992); *Carnes v. Schram*, 440 N.W.2d 451, 456 (Neb. 1989).

[5]*Babineaux v. Lavergne*, 321 So.2d 401, 404-05 (La. Ct. App. 1975).

discovery of evidence relevant to the coverage question, some are. For example, Plaintiffs argue that they need audio files of recorded statements from Pastor Calvin Brown and Deacon Leneldon Galloway of Greater East Lampton Church. It is safe to assume that Pastor Brown and Deacon Galloway possess knowledge of facts relevant to the issues discussed above. Plaintiffs also argue that they need to discover the facts relied upon by Defendant in reaching its coverage determination – which would necessarily include facts relevant to the determination of whether the subject vehicle was a "temporary substitute for a covered auto."

In light of the uncertain nature of Mississippi law concerning "temporary substitute" vehicles, the fact-intensive nature of other jurisdictions' analyses, and the liberality with which the Court should approach Rule 56(d) motions,[6] the Court believes it prudent to defer consideration of the coverage question until Plaintiffs have an opportunity to gather more facts.

C.  *Conclusion*

For the reasons stated above, the Court **grants** Plaintiffs' Rule 56(d) Motion [39] and presently **denies** Defendant's Motion for Summary Judgment [32]. Defendant may reassert the motion after Plaintiffs have an opportunity to conduct sufficient discovery to adequately support their response to the motion.

SO ORDERED AND ADJUDGED this 3rd day of October, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[6] *See Biles*, 714 F.3d at 894.