IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ASHLEY FORTENBERRY,** *et al.*                    **PLAINTIFFS**

**V.**                    **CIVIL ACTION NO. 2:14-CV-56-KS-MTP**

**CHRIS E. PRINE,** *et al.*                    **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Plaintiffs' Motion for Reconsideration or for Certification of Interlocutory Appeal [28].

**A.    *Background***

The Court already provided the factual background of this case. *Fortenberry v. Prine*, No. 2:14-CV-56-KS-MTP, 2014 U.S. Dist. LEXIS 90155, at *2-*4 (S.D. Miss. July 2, 2014).[1] The Court denied Plaintiffs' Motion to Remand [16]. First, it found that the original complaint did not trigger the time period for removal because it did not "affirmatively reveal[] on its face" that the amount in controversy exceeded the jurisdictional limit. *Id.* at *7-*8 (citing *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 400 (5th Cir. 2013)). Next, the Court found that "other paper" did not trigger the time period for removal because it did not provide "unequivocally clear and certain" information supporting removal. *Id.* at *11-*15 (citing, e.g. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002)). The Court also found that Defendant Greater East

---

[1]Defendant noted in briefing that the Court previously incorrectly stated that "Plaintiffs were on their way to a church choir event" at the time of the accident, and that Chris Prine was killed in the accident. *Id.* at *2. To the extent these factual statements were incorrect and/or disputed, the Court withdraws them.

Lampton Church, Inc. had been improperly joined, *id.* at *19, and that Plaintiffs' claims against Defendant Chris Prine were a legal nullity. *Id.* at *19-*20.

Plaintiffs then filed a motion [28] seeking reconsideration of several aspects of the Court's decision, or certification of the decision for interlocutory appeal. The motion is ripe for review.

**B.    Reconsideration**

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). The rule "authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order for any reason it deems sufficient." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013); *see also Saqui v. Pride Cent. Am. LLC*, 595 F.3d 206, 210-11 (5th Cir. 2010).

1.    *"Facially Apparent"*

First, Plaintiffs argue that it was facially apparent from the original complaint that the amount in controversy exceeded the jurisdictional minimum. The Court already addressed this argument and rejects it for the same reasons previously stated. *See Fortenberry*, 2014 U.S. Dist. LEXIS 90155 at *7-*8 (original complaint did not "affirmatively reveal on its face" that the amount in controversy exceeded the jurisdictional amount; "facially apparent" standard did not apply).

2.    *Plaintiffs' Discovery Responses – "Unequivocally Clear and Certain"*

2

Next, Plaintiffs argue that their discovery responses constituted "other paper" from which it was "unequivocally clear and certain" that the amount in controversy exceeded the jurisdictional minimum. The Court already addressed this argument and rejects it for the same reasons previously stated. *Id.* at *12-*15 (Plaintiff's discovery responses indicated that it was probable she sought more than $75,000, but not that it was "unequivocally clear and certain").

      3.     *Defendants' Discovery Responses – "Other Paper"*

Finally, Plaintiffs argue that Defendants' own discovery responses constituted "other paper" from which it was "unequivocally clear and certain" that the amount in controversy exceeded the jurisdictional minimum. Section 1446 provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after *receipt by the defendant* . . . of . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). Therefore, for something to qualify as "other paper" that renders a case removable, it "must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction." *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000); *see also S.W.S. Erectors v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). Neither "evidence of the defendant" nor "an order of the court" will suffice. *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961). Moreover, "a defendant's subjective knowledge cannot convert a case into a removable action." *S.W.S. Erectors*, 72 F.3d at 494.

*Garcia v. MVT Servs., Inc.*, 589 F. Supp. 2d 797 (W.D. Tex. 2008), cited by Plaintiffs, does not contradict these principles. There, the removing defendant produced back to the plaintiffs a copy of a release agreement between the plaintiffs and the resident defendant. *Id.* at 803. The district court held that the agreement was "other paper" because it had been voluntarily executed and provided to the removing defendant by the plaintiff. *Id.* at 804.

Here, Plaintiffs have not identified anything in Defendant's discovery responses [17-1, 17-2, 17-3, 17-4] which resulted "from the voluntary act of a plaintiff" and "gives the defendant notice of the changed circumstances which now support federal jurisdiction." *Addo*, 230 F.3d at 762. Furthermore, even if the Court considered Defendant's discovery materials as "other paper," they contain no more information than Plaintiffs' own discovery materials and, therefore, do not provide "unequivocally clear and certain" information supporting removal. *Bosky*, 288 F.3d at 211.

## C.    *Interlocutory Appeal*

Alternatively, Plaintiffs argue that the Court should certify the above questions for interlocutory appeal. Section 1292(b) states in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

28 U.S.C. § 1292(b). The Fifth Circuit strictly construes Section 1292(b). *Ala. Labor*

*Council v. Alabama*, 453 F.2d 922, 924 (5th Cir. 1972). Interlocutory appeals are only granted in "exceptional cases." *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985). "They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation." *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983).

There is no substantial difference of opinion here. The "facially apparent" standard does not apply to "timeliness dispute" cases, like the present one. *Mumfrey*, 719 F.3d at 400. When determining whether the initial complaint started the clock on a defendant's right to remove, the Court applies the "affirmatively reveals on its face" standard. *Id.* It is undisputed that the initial complaint does not "affirmatively reveal on its face" that the amount in controversy exceeds $75,000. Plaintiff has cited nothing to dispute the Court's analysis in this regard.

Likewise, there is no substantial difference of opinion as to whether the discovery responses triggered the time for removal, as they do not provide "unequivocally clear and certain" information supporting removal. *Bosky*, 288 F.3d at 211. As the Court previously stated, the discovery responses may indicate that it is likely or even probable that the amount in controversy exceeds $75,000, but they do not make it "unequivocally clear and certain." *Id.* "An uncertainty or contingency concerning the amount of damages" does not constitute an "'unequivocally clear and certain' answer that the amount in controversy was in excess of $75,000.00." *Stampley v. Fred's Dollar Store of Miss.*, No. 5:07-CV-153-DCB-JMR, 2008 U.S. Dist. LEXIS

115280, at *7 (S.D. Miss. Feb. 19, 2008).

The goal of Fifth Circuit jurisprudence concerning timeliness disputes is to "promote efficiency by preventing courts from expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading." *Mumfrey*, 719 F.3d at 399. The Fifth Circuit also wants "to avoid encouraging defendants to remove cases prematurely for fear of accidentally letting the thirty-day window to federal court close when it is unclear that the initial pleading satisfies the amount in controversy." *Id.* The result is a "bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a *specific allegation that damages are in excess of the federal jurisdictional amount*." *Id.* (emphasis original). Likewise, the "unequivocally clear and certain" standard applied to "other paper" is intended to "reduce protective removals by defendants faced with an equivocal record." *Bosky*, 288 F.3d 211.

These bright-line rules "create a fairer environment for plaintiffs and defendants." *Id.* Both standards – "affirmatively reveals on its face," and "unequivocally clear and certain" – merely require candor about the amount in controversy.

## D.   Conclusion

For the reasons stated above, the Court **denies** Plaintiffs' Motion for Reconsideration or for Certification of Interlocutory Appeal [28].

SO ORDERED AND ADJUDGED this 3rd day of October, 2014.

6

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE