IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ASHLEY FORTENBERRY, et al.**                                                                    **PLAINTIFFS**

**v.**                                                                    **CIVIL ACTION NO. 2:14cv56-KS-MTP**

**CHRIS E. PRINE, et al.**                                                                    **DEFENDANTS**

**ORDER**

THIS MATTER is before the court on Defendant's Motion to Quash Subpoena [50] filed by Church Mutual Insurance Company ("Church Mutual") on September 10, 2014. On September 2, 2014, Plaintiffs served Subpoena [47-1] on Christian Preus, directing him to produce his "entire claim file" of the claim at issue, as well as "any correspondence" to and from Church Mutual and "any reports" to and from Church Mutual. Church Mutual argues in its motion that Mr. Preus is outside coverage counsel for Church Mutual. Church Mutual claims that the requested file relates to Mr. Preus's work in regard to the policy and events at issue in this action, and thus includes privileged attorney-client communications and attorney work product.

On September 29, 2014, Plaintiffs filed a Response in Opposition [57], in which they claim (1) that Defendants have waived attorney-client privilege because Church Mutual relied upon Preus's file as a defense to Plaintiffs' claims; (2) the work product doctrine does not apply because Church has waived the protection and because Plaintiffs have a "substantial need" for the documents; (3) the work product doctrine is inapplicable because the subpoenaed materials were not prepared in anticipation of litigation and because Church Mutual has not meet its burden of establishing the requested materials were prepared in anticipation of litigation; and (4) the attorney-client and work product privileges have been waived because Church Mutual has not supplied an adequate privilege log with respect to the requested documents. Defendants have filed no rebuttal

to Plaintiffs' response.

First, the Court notes that Defendants filed the motion to quash without a good faith certificate or memorandum brief. The Local Rules provide that a motion not accompanied by the required memorandum brief or a good faith certificate may be denied on either basis. *See* Uniform Local Civil Rules 7(b)(4), 37(a), and 45(e). Furthermore, Plaintiffs are correct that Church Mutual has the burden of establishing that the information at issue is privileged or is otherwise protected by the work product doctrine. *Hodges, Grant & Kaufmann v. U.S.*, 768 F.2d 719, 721 (5th Cir. 1985). In the opinion of the Court, Church Mutual has not met its burden of establishing that documents are protected by attorney-client privilege or the work product doctrine. In its motion, Church Mutual states only that Mr. Preus's file contains privileged information. Church Mutual has not submitted a memorandum brief in support of its Motion, or other relevant facts to meet its burden. For these reasons the Defendant's motion will be denied.

IT IS, THEREFORE, ORDERED that the motion to quash be, and hereby is, DENIED.

THIS, the 7th of October, 2014.

s/ Michael T. Parker
United States Magistrate Judge