IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ASHLEY FORTENBERRY, et al                                          PLAINTIFF

v.                                          CIVIL ACTION NO. 2:14cv56-KS-MTP

CHRIS E. PRINE, et al.                                          DEFENDANTS

## ORDER

THIS MATTER is before the court on a Motion [65] for Reconsideration filed by Defendant Church Mutual Insurance Company ("Church Mutual") of the Court's Order [62] denying Motion to Quash, and a Motion to Expedite [72] the Court's ruling for the Motion to Reconsider.  Having carefully considered the motions and the submissions of the parties, the Court finds that both motions should be granted.

Church Mutual has moved for the Court to expedite its ruling on the motion to reconsider [72]. Because Plaintiffs have filed their Response and Church Mutual has filed a Rebuttal, the present Motion is ripe and the Court will therefore grant the Church Mutual's Motion to Expedite [72].

As to Church Mutual's Motion to Reconsider [62], the record reflects that Church Mutual filed a Motion to Quash Subpoena [50] on September 10, 2014. Plaintiffs filed a Response [57] on September 29, 2014. The local rules provide that counsel for movant may file a rebuttal within seven days after the service of the respondent's response and memorandum brief. L.U. CIV. R. 7(b)(4). The Federal Rules of Civil Procedure provide that when a party, such as Church Mutual, must act within a specified time after service, three days are added after the period would otherwise expire under the Federal or Local Rules. FED. R. CIV. PRO. 6(d). Thus, after Plaintiff's Response was filed on

1

September 29, Church Mutual has a total of ten days, or until October 9, to file its Rebuttal. On October 7, 2014, two days prior to this the Rebuttal deadline, the Court entered an Order [62] denying Church Mutual's Motion to Quash [50]. Church Mutual now requests that the Court reconsider its Order [62] so that it may consider Church Mutual's Rebuttal concerning the Motion to Quash [50].

This court enjoys the inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *McDonald v. Entergy Operations, Inc.*, No. 5:03cv241BN, 2005 WL 1528611, at *1 (S.D. Miss. 2005).  This court has "considerable discretion" in deciding whether to grant a motion for reconsideration.  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). There are three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted).

Plaintiff argues in their Response [68] that any Rebuttal Church Mutual could file would be futile because arguments cannot be raised for the first time in a rebuttal brief, because Church Mutual did not file a Rebuttal by the original deadline of October 9, 2014 and because Church Mutual cannot cure the original deficiencies of its Motion [50] (the lack of a good faith certificate and supporting memorandum) by means of a Rebuttal.

The Court will address each of these arguments in turn. First, although the Plaintiff is correct that arguments cannot be raised for the first time in a rebuttal, *see DePree v. Saunders*, 588 F.3d

2

282, 290 (5th Cir. 2009), it is possible for Church Mutual to clarify its brief arguments raised in the original motion, although by no means is the Court concluding that any such arguments will or will not be successful. Moreover, Church Mutual may rebut the arguments made by Plaintiffs in their response. Second, the original rebuttal deadline of October 9 was rendered moot when the Court issued its Order [62] on October 7. And while Church Mutual could have certainly attached a proposed rebuttal as an exhibit, it could not have properly filed the rebuttal due to the Court's Order [62] denying the motion [50]. Third, Church Mutual indeed cannot cure the deficiencies of its motion [50], namely the lack of a good faith certificate and supporting memorandum. However, the Court will afford Church Mutual an opportunity to argue these issues in rebuttal.

In summary, the Court finds that Church Mutual was entitled to the two extra days to file a Rebuttal, and the undersigned should have considered the Rebuttal before ruling. In an abundance of caution, and in order to prevent a miscarriage of justice, the Court finds that Church Mutual's Motion to Reconsider should be granted, that the Order [62] should be withdrawn, and that Church Mutual be allowed to file a rebuttal in regard to the Motion to Quash [50].

IT IS, THEREFORE, ORDERED that Church Mutual's Motion [65] for Reconsideration and Motion [72] to Expedite are GRANTED, and Order [62] is withdrawn. Church Mutual shall file its rebuttal or reply on or before October 20, 2014.

SO ORDERED on this 16th day of October, 2014.

s/ Michael T. Parker
United States Magistrate Judge

3

4