**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**ASHLEY FORTENBERRY, et al.**                                    **PLAINTIFFS**

**V.**                                    **CIVIL ACTION NO. 2:14cv56-KS-MTP**

**CHRIS E. PRINE, et al.**                                    **DEFENDANTS**

**ORDER**

THIS MATTER comes before the Court on a Motion [50] to Quash filed by Defendant Church Mutual Insurance Company ("Church Mutual"). After careful consideration of the Motion, the submissions of the parties and the applicable law, the Court finds that Church Mutual's Motion [50] should be denied.

**BACKGROUND**

On September 2, 2014, Plaintiffs served a Subpoena [47-1] on Christian Preus, directing him to produce his "entire claim file" of the claims at issue, as well as "any correspondence" to and from Church Mutual and "any reports" to and from Church Mutual. Church Mutual argues in its Motion that Mr. Preus is outside coverage counsel for Church Mutual. Church Mutual claims that the requested file relates to Mr. Preus's work regarding the policy and events at issue in this action, and thus includes privileged attorney-client communications and attorney work product.

On September 29, 2014, Plaintiffs filed a Response in Opposition [57], in which they claim (1) that Defendants have waived attorney-client privilege because Church Mutual relied upon Preus's file as a defense to Plaintiffs' claims; (2) the work product doctrine does not apply because Church has waived the protection and because Plaintiffs have a "substantial need" for the documents; (3) the work product doctrine is inapplicable because the subpoenaed materials were not

1

prepared in anticipation of litigation and because Church Mutual has not meet its burden of establishing the requested materials were prepared in anticipation of litigation; and (4) the attorney-client and work product privileges have been waived because Church Mutual has not supplied an adequate privilege log with respect to the requested documents. Church Mutual filed its Rebuttal [75] on October 17, 2014,[1] arguing that (1) it is not asserting an advice of counsel defense; (2) some of the documents Plaintiffs seek are irrelevant; (3) the documents withheld are protected under the attorney-client privilege and work product doctrine; (4) Plaintiffs have not established a substantial need; and (5) that it has produced a privilege log.

## ANALYSIS

Fed. R. Civ. Pro 26(b)(5)(A) governs instances where discoverable information is withheld by a party on grounds of privilege and provides the following:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party must (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

In order to claim the protection of either attorney-client privilege or the work product doctrine, the party seeking protection must provide sufficient information that would allow a court or party to assess the applicability of the privilege or protection. *Chemtech Royalty Associates v. United States*, 2013 WL 704037 (M.D. La. Feb. 26, 2013). A proper assertion that documents are attorney-client privileged or protected by the work product doctrine means that a party must describe

---

[1]The Court issued an Order [62] denying Church Mutual's Motion to Quash [50] on October 7, 2014. The Court later withdrew its Order and allowed Church Mutual to file a rebuttal on October 16, 2014. *See* Order [74].

those documents it contends are privileged to the best of its ability. *Id.* The "mere assertion" that responsive materials or information are protected is not evidence establishing that the information is privileged. *Id.*

Church Mutual has not met its burden of establishing that the documents at issue are protected by the attorney-client privilege or work product doctrine. First, Church Mutual's Motion to Quash [50] provided no meaningful information to the Court regarding the documents for which it was seeking protection; the motion was not accompanied by the required memorandum or other information to guide the Court in rendering a decision.[2] *See* L. U. Civ. R. 7(b)(4).

Church Mutual presents more information and additional arguments in its Rebuttal.[3] Specifically, Church Mutual provides additional information about the correspondence and memorandum it claims are protected by attorney-client privilege and the work product doctrine.[4] Church Mutual also makes the argument, among others, that the documents requested are irrelevant to the instant action, as they were created before Church Mutual had any notice of a potential claim.[5] However, it is well-settled that arguments made for the first time in a reply brief cannot be considered by the court. *See Depree v. Saunders,* 588 F.3d 282, 290 (5th Cir. 2009); *Miss. ex rel. Hood v. AU Optronics Corp.*, 876 F. Supp. 2d 758, 768 (S.D. Miss. 2012) ("A reply memorandum

---

[2]To date, the moving party has failed to explain the absence of a supporting brief to its Motion [50] to the Court. The Local Rules provide that failure to timely submit the required motion documents may result in a denial of the motion. L. U. Civ. R. 7(b)(4).

[3]At the time the instant Motion was filed, Church Mutual had not provided the Court or the opposing party with an adequate privilege log as required by both the Federal Rules of Civil Procedure and the Local Uniform Civil Rules. Fed. R. Civ. Pro 26(b)(5)(A); L. U. Civ. R. 26(a)(2).

[4]*See* Rebuttal [75] at 5-6.

[5]*Id*. at 4-5.

is not the appropriate place to raise new arguments"); *McDaniel v. Miss. Baptist Med. Ctr.*, 869 F. Supp. 445, 453 (S.D. Miss. 1994) ("In the interest of fairness, [movant] should not be allowed to raise grounds for the first time in its rebuttal which Plaintiff will not have the opportunity to provide an adequate response."). Furthermore, while it is true that a party may respond to the arguments made in the reply of the opposing party, this does not change the fact that Church Mutual bears the burden of establishing the applicability of the attorney-client privilege or work product doctrine in the first instance.[6]

In sum, Church Mutual has not to met its burden of establishing that the documents in question are protected by the attorney-client privilege or work product doctrine, as it has failed to timely provide the Court or the opposing party with adequate information to assess the applicability of the privilege.

IT IS, THEREFORE, ORDERED that Defendant's Motion to Quash [50] be DENIED.

THIS, the 3rd of November, 2014.

s/ Michael T. Parker
United States Magistrate Judge

---

[6]The absence of the supporting memorandum is not the only defect of the instant Motion – the moving party also failed to provide the required good faith certificate. *See* L. U. CIV. R. 37(a). Information provided in the Rebuttal [75] and attached exhibits indicate that good faith efforts were made between the parties concerning the documents at issue, and that the error was limited to the failure to attach a good faith certificate.